57 F.3d 1083NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Charles H. DAVIS, Petitioner,v.OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3220.
 United States Court of Appeals, Federal Circuit.
 June 6, 1995.
 
 Before PLAGER, CLEVENGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Charles H. Davis seeks review of the decision of the Merit Systems Protection Board (Board) in Docket No. SL-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-I-1, which affirmed the denial by the Office of Personnel Management (OPM) of his application, based on his service as a substitute rural postman, for a retirement annuity pursuant to the Civil Service Retirement Act. We reverse.
 
 
 2
 Davis served as a postal clerk in Poplar Bluff, Missouri, through Friday, December 30, 1977, when he resigned his position as clerk in order to become a substitute rural carrier. Before entering service as a carrier on January 5, 1978, the Postal Service paid Davis to complete three days of rural carrier training. Davis then served as a carrier until March 30, 1984. Although the position of postal clerk is covered by the Civil Service Retirement System (CSRS), the position of substitute rural carrier is expressly excluded from coverage by 5 C.F.R. Sec. 831.201(a)(8) (1995). Davis argues that he is still eligible, however, for annuities accrued during his tenure as carrier under 5 C.F.R. Sec. 831.201(b) (1995), which provides:
 
 
 3
 Paragraph (a) of this section [setting forth excluded categories] does not deny retirement when:
 
 
 4
 (1) Employment in an excluded category follows employment ... without a break in service ... of 3 days or less ....
 
 
 5
 The Board held that Davis did not meet the section 831.201(b)(1) requirements because there was "no evidence at all that [Davis's] paid training was performed under any appointment document appointing him to Federal service."
 
 
 6
 According to the Board, our precedent in Horner v. Acosta, 803 F.2d 687 (Fed. Cir. 1986), denies retirement benefits to any person who is not an "employee" as defined in 5 U.S.C. Sec. 2105(a) (1994), which requires, among other things, that the person be appointed to his position by a particularly designated appointing official. Because Davis did not show that his appointment to training was made by such an appointing person, the Board held that Davis's break in "service" of five days between his two employments disqualified his substitute rural carrier service from retirement benefits.
 
 
 7
 Horner v. Acosta, however, is inapposite to this case. In Horner, the persons seeking retirement benefits had never been "appointed" to employment covered by CSRS. Horner did not deal with an employee who had been covered by CSRS and who later served in a position expressly excluded from retirement coverage. Even if Davis had been appointed to his excluded carrier service in the manner specified in section 2105(a), the service still would have been in the excluded category. The point is that Davis seeks to connect periods of covered and excluded service, the latter of which does not require a section 2105(a) appointment. Davis's right to make the connection is supplied by 5 C.F.R. Sec. 831.201(b)(1) (1995), which requires only that there be no break in service of more than three days between the covered and the excluded service. The regulation does not require that the employment performed between the covered and the excluded service itself be covered service, performed pursuant to a section 2105(a) appointment. The absence of such a requirement makes eminent good sense, given that the regulation welcomes the inclusion of otherwise excluded employment provided only that the person is not "out of service" for more than three days.
 
 
 8
 Before the Board, OPM conceded that Davis is entitled to credit for his service as a substitute carrier, provided that there was no break in service of more than three days between employment in his covered and his excluded positions. In that case, Davis would be permitted to make the contribution he volunteers in order to compensate for the CSRS deductions that would have been withheld during his term of service as a substitute rural carrier.
 
 
 9
 Under the language of 5 C.F.R. Sec. 831.201(b)(1), Davis may receive credit for his service as a substitute rural carrier if he was "employed" as a substitute rural carrier by Tuesday, January 3, 1978. OPM has argued that Davis was not an employee on that date because his appointment is dated January 5, 1978. OPM points to 5 U.S.C. Sec. 2105(a) (1994), and reasons that Davis could not have been an "employee" on January 3 because he had not yet been appointed.
 
 
 10
 The question whether Davis needed an appointment to be an employee, however, is not governed by 5 U.S.C. Sec. 2105. That section explicitly states that "an employee of the United States Postal Service ... is deemed not an employee for the purposes of this title." 5 U.S.C. Sec. 2105(e) (1994). Although employment in the Postal Service normally requires an appointment, see 39 U.S.C. Sec. 1001(a) (1988), a person who is "temporarily employed to deliver mail is deemed an employee of the Postal Service" without regard to whether the person has been formally appointed. 39 U.S.C. Sec. 1008(a) (1988). Davis alleged--without contradiction by the government--that as part of his training program he delivered mail and that he was paid for the work he performed. Under these circumstances, his three days of training constituted employment with the Postal Service. Davis therefore qualifies to have his substitute rural carrier service time credited for retirement purposes because he became a substitute rural carrier "after a separation from service of 3 days or less." 5 C.F.R. Sec. 831.201(b)(1). While five days lapsed during his training period, he was during that time an employee of the postal service in training to enter upon service in a CSRS-excluded position. There was no break in service by Davis as a postal employee. Because section 831.201(b)(1) purposely converts excluded to covered service with no requirement that the service in between be performed pursuant to a section 2105(a) appointment, the absence of any break in Davis's service entitles him to purchase the fruit of the regulation.
 
 
 11
 Accordingly, Davis's service from January 5, 1978, through March 30, 1984, is creditable for CSRS retirement purposes.